**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PRIME ENTERTAINMENT GROUP LLC, a Nevada limited liability company,

Plaintiff,

v.

43 NORTH BROADWAY, LLC, a New York limited liability company; and DOES 1-10,

Defendants.

**Civil Action No. 1:25-cv-06329-DLC**

**DEFENDANT 43 NORTH BROADWAY LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

**JURY TRIAL DEMANDED**

## ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendant 43 North Broadway, LLC ("Defendant" or "43 North"), by its attorneys, for its Answer and Affirmative Defenses to Plaintiff Prime Entertainment Group LLC's ("Plaintiff") First Amended Complaint dated January 6, 2026 [ECF No. 21] ("Complaint"), alleges as follows. Unless otherwise indicated, capitalized terms have the meanings ascribed to them in the Complaint. Defendant responds only to Counts I and III as Counts II and IV have been dismissed by the Court. *See* ECF No. 31.

## NATURE OF THE ACTION[1]

1. Answering paragraph 1 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's reason for initiating this action, and therefore denies the same, and denies the remaining allegations of paragraph 1 of the Complaint.

---

[1] Defendant, which denies all claims and allegations not otherwise expressly admitted, reproduces Plaintiff's headings for convenience only.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies the same.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies the same.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies the same.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore denies the same.

6. Answering paragraph 6 of the Complaint, Defendant admits that 43 North owns certain master sound recordings and denies the remaining allegations of paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, Defendant admits that Defendant entered into an agreement with F2K which transferred certain rights in the Licensed Recordings to Defendant and denies the remaining allegations of paragraph 7 of the Complaint.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

9. Defendant denies the allegations of paragraph 9 of the Complaint.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's basis for bringing this action, and therefore denies the same, and denies the remaining allegations of paragraph 12 of the Complaint.

## THE PARTIES

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore denies the same.

14. Defendant admits the allegations of paragraph 14 of the Complaint.

## JURISDICTION AND VENUE

15. Answering paragraph 15 of the Complaint, Defendant admits that the Complaint purports to assert diversity as the basis for the Court's subject matter jurisdiction, but denies that the amount in controversy exceeds $75,000 or that Plaintiff is entitled to any relief whatsoever.

16. Answering paragraph 16 of the Complaint, Defendant admits that this Court has personal jurisdiction over it, but denies that it engaged in the conduct set forth in paragraph 16.

17. Answering paragraph 17 of the Complaint, Defendant admits that venue is proper in this Court based on the claims alleged in the Complaint, but denies that Plaintiff is entitled to any relief whatsoever.

## FACTUAL BACKGROUND

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and therefore denies the same.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and therefore denies the same.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and therefore denies the same.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore denies the same.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore denies the same.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and therefore denies the same.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and therefore denies the same.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and therefore denies the same.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and therefore denies the same.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and therefore denies the same.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and therefore denies the same.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and therefore denies the same.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and therefore denies the same.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and therefore denies the same.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and therefore denies the same.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and therefore denies the same.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and therefore denies the same.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and therefore denies the same.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and therefore denies the same.

**43 North's Acquisition of F2K's Right to the Licensed Masters**

37. Defendant admits the allegations of paragraph 37.

38. Answering paragraph 38 of the Complaint, Defendant admits that it acquired the rights to certain recordings from F2K and denies the remaining allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Answering paragraph 40 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's basis for initiating this lawsuit and therefore denies the same, and denies the remaining allegations of paragraph 40 of the Complaint.

41. Answering paragraph 41 of the Complaint, Defendant admits that Section 1.01(a) of the 43 North-F2K APA states "The sound recordings owned, controlled or licensed by Seller," and denies the remaining allegations of paragraph 41 of the Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and therefore denies the same.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

44. Defendant denies the allegations of paragraph 44 of the Complaint.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint and therefore denies the same.

46. Answering paragraph 46 of the Complaint, Defendant admits that an assignment agreement was appended as part of the 43 North-F2K APA and denies the remaining allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies the allegations of paragraph 50 of the Complaint.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and therefore denies the same.

52. Defendant denies the allegations of paragraph 52 of the Complaint.

53. Defendant denies the allegations of paragraph 53 of the Complaint.

54. Answering paragraph 54 of the Complaint, Defendant admits to the existence of the referenced January 3, 2019 email, and denies the remaining allegations of paragraph 54 of the Complaint.

55. Defendant denies the allegations of paragraph 55 of the Complaint.

56. Defendant denies the allegations of paragraph 56 of the Complaint.

57. Defendant denies the allegations of paragraph 57 of the Complaint.

58. Defendant denies the allegations of paragraph 58 of the Complaint.

59. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint and therefore denies the same.

60. Answering the allegations of paragraph 60 of the Complaint, Defendant admits that 43 North has rights to exploit the Licensed Recordings and denies the remaining allegations of Paragraph 60 of the Complaint.

61. Answering the allegations of paragraph 61 of the Complaint, Defendant admits that 43 North has certain rights to exploit the Licensed Recordings and denies the remaining allegations of Paragraph 61 of the Complaint.

62. Defendant denies the allegations of paragraph 62 of the Complaint.

**43 North's Breach of Contract and Failure to Pay Agreed Upon Royalties**

63. Defendant denies the allegations of paragraph 63 of the Complaint.

64. Answering paragraph 64 of the Complaint, Defendant admits that section 1.01(b) of the 43 North-F2K APA states, in part, "Recording Agreements and licenses with the recording artist [] listed on Schedule B (the "Artist Agreements")," but denies that Plaintiff is entitled to any relief whatsoever.

65. Defendant denies the allegations of paragraph 65 of the Complaint.

66. Defendant denies the allegations of paragraph 66 of the Complaint.

67. Defendant denies the allegations of paragraph 67 of the Complaint.

68. Answering paragraph 68 of the Complaint, Defendant admits to the existence of the letter dated on or about October 13, 2015, and denies the remaining allegations of paragraph 68 of the Complaint.

69. Defendant denies the allegations of paragraph 69 of the Complaint.

70. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint and therefore denies the same.

71. Defendant denies the allegations of paragraph 71 of the Complaint.

72. Defendant denies the allegations of paragraph 72 of the Complaint.

73. Answering paragraph 73 of the Complaint, Defendant admits to the existence of section 3.09 of the 43 North-F2K APA and denies the remaining allegations of paragraph 73 of the Complaint.

74. Defendant denies the allegations of paragraph 74 of the Complaint.

75. Defendant denies the allegations of paragraph 75 of the Complaint.

76. Defendant denies the allegations of paragraph 76 of the Complaint.

**FIRST CAUSE OF ACTION**
**Breach of Contract By Third-Party Beneficiary PEG**

77. Defendant incorporates by reference its responses to paragraphs 1-76 of the Complaint as if fully set forth herein.

78. Defendant denies the allegations of paragraph 78 of the Complaint.

79. Answering paragraph 79 of the Complaint, Defendant admits that it acquired from F2K certain sound recording assets and denies the remaining allegations of paragraph 79 of the Complaint.

80. Defendant denies the allegations of paragraph 80 of the Complaint.

81. Answering paragraph 81 of the Complaint, Defendant admits that Section 1.01(b) of the 43 North-F2K APA states, in part, "Recording Agreements and licenses with the recording artist [] listed on Schedule B (the "Artist Agreements")," and denies the remaining allegations of paragraph 81 of the Complaint.

82. Defendant denies the allegations of paragraph 82 of the Complaint.

83. Defendant denies the allegations of paragraph 83 of the Complaint.

84. Defendant denies the allegations of paragraph 84 of the Complaint.

85. Answering paragraph 85 of the Complaint, Defendant admits to the existence of the letter dated on or about October 13, 2015, and denies the remaining allegations of paragraph 85 of the Complaint.

86. Defendant denies the allegations of paragraph 86 of the Complaint.

87. Defendant denies the allegations of paragraph 87 of the Complaint.

88. Defendant denies the allegations of paragraph 88 of the Complaint.

89. Defendant denies the allegations of paragraph 89 of the Complaint.

90. Defendant denies the allegations of paragraph 90 of the Complaint.

91. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint and therefore denies the same.

92. Defendant denies the allegations of paragraph 92 of the Complaint.

93. Defendant denies the allegations of paragraph 93 of the Complaint.

94. Defendant denies the allegations of paragraph 94 of the Complaint.

95. Defendant denies the allegations of paragraph 95 of the Complaint.

96. Defendant denies the allegations of paragraph 96 of the Complaint.

## SECOND CAUSE OF ACTION
**Breach of Contract by Third Party Beneficiary PEG As Authorized Licensing Agent of GCM**

Defendant does not respond to the allegations contained in paragraphs 97-110 because the Second Cause of Action was dismissed by the Court in an Opinion and Order dated May 13, 2026. *See* ECF No. 31. To the extent a response is required, Defendant denies the allegations of paragraphs 97-110 of the Complaint.

**THIRD CAUSE OF ACTION**
**Unjust Enrichment - In the Alternative to Breach of Contract**
**As to 43 North Pertaining to Third**
**Party Beneficiary PEG**

111. Defendant incorporates by reference its responses to paragraphs 1-110 of the Complaint as if fully set forth herein.

112. Answering paragraph 112 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 concerning PEG's intention in asserting claims and denies the remaining allegations of paragraph 112 of the Complaint.

113. Defendant denies the allegations of paragraph 113 of the Complaint.

114. Defendant denies the allegations of paragraph 114 of the Complaint.

115. Defendant denies the allegations of paragraph 115 of the Complaint.

116. Defendant denies the allegations of paragraph 116 of the Complaint.

117. Defendant denies the allegations of paragraph 117 of the Complaint.

118. Defendant denies the allegations of paragraph 118 of the Complaint.

119. Defendant denies the allegations of paragraph 119 of the Complaint.

**FOURTH CAUSE OF ACTION**
**Unjust Enrichment - In the Alternative to Breach of Contract**
**As to 43 North Pertaining to Third**
**Party Beneficiary GCM**

Defendant does not respond to the allegations contained in paragraphs 120-130 because the Fourth Cause of Action was dismissed by the Court in an Opinion and Order dated May 13, 2026. *See* ECF No. 31. To the extent a response is required, Defendant denies the allegations of paragraphs 120-130 of the Complaint.

## DENIAL OF REMAINING ALLEGATIONS

To the extent that any allegations of the Complaint are not expressly admitted, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE — FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE — INCORRECT PLEADING OF JURISDICTION IN DIVERSITY CASE

The Complaint incorrectly states the citizenship of the limited liability companies ("LLC"). An LLC has the citizenship of its members. Therefore, a proper pleading must identify the citizenship of each member of the Plaintiff and Defendant LLCs.

### THIRD AFFIRMATIVE DEFENSE — WAIVER, ESTOPPEL, LACHES, STATUTE OF LIMITATIONS, UNCLEAN HANDS

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and the applicable statute of limitations, including to the extent Plaintiff seeks recovery for alleged royalty obligations accruing more than six years (or other applicable statute of limitations) prior to commencement of this action.

### FOURTH AFFIRMATIVE DEFENSE — CONDITIONS PRECEDENT

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy conditions precedent to Defendant's alleged payment obligations, including by providing required statements, reports, notices, accountings, and audit materials, and satisfying other contractual prerequisites.

### FIFTH AFFIRMATIVE DEFENSE — NO BREACH / SUBSTANTIAL PERFORMANCE / LACK OF DAMAGES

Defendant has not breached any applicable obligation. To the extent any obligation is found to exist, Defendant substantially performed, and Plaintiff's alleged damages are reduced,

uncertain, speculative or eliminated by lack of attributable revenue, advances, offsets, or inclusion of recordings or uses outside the scope of the governing agreements.

**SIXTH AFFIRMATIVE DEFENSE — FAILURE TO MITIGATE DAMAGES**

Plaintiff's claims are barred or limited due to Plaintiff's failure to mitigate alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE -**
**SCOPE / OWNERSHIP / LICENSE LIMITATIONS**

Plaintiff's claims are barred or limited to the extent they seek recovery for recordings, uses, territories, formats, or time periods outside the scope of any rights allegedly granted under the governing agreements, including assets not owned or controlled by Defendant or rights retained by third parties.

**EIGHTH AFFIRMATIVE DEFENSE — SETOFF AND RECOUPMENT**

Any recovery by Plaintiff must be reduced by setoff and recoupment for advances, chargebacks, costs, and third-party royalty obligations, including amounts previously paid or properly creditable against any alleged royalty obligations, to prevent double recovery.

**NINTH AFFIRMATIVE DEFENSE — PAYMENT / ACCORD AND SATISFACTION**

To the extent Defendant made advances or other payments accepted by Plaintiff toward royalties or "any other sums due," such payments constitute full or partial satisfaction of the amounts sought and bar or reduce Plaintiff's claims under principles of payment and accord and satisfaction.

**TENTH AFFIRMATIVE DEFENSE — NO INTENDED BENEFICIARY**

Plaintiff is not an intended third-party beneficiary of any contract alleged in the Complaint and therefore lacks standing to enforce any such agreement.

## ELEVENTH AFFIRMATIVE DEFENSE — UNJUST ENRICHMENT (BARRED BY CONTRACT / ADEQUATE REMEDY AT LAW)

Plaintiff's unjust enrichment claim is barred because the subject matter is governed by valid written agreements that provide the exclusive framework for the alleged rights and obligations, and Plaintiff has an adequate remedy at law under those agreements.

## TWELFTH AFFIRMATIVE DEFENSE - LICENSE

Plaintiff's claims are barred, in whole or in part, because any acts allegedly undertaken by Defendant were authorized, permitted, and/or undertaken pursuant to a valid license.

## RESERVATION OF RIGHTS

Defendant reserves the right to modify its Answer and assert additional claims and defenses as discovery proceeds and in response to any rulings from the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Defendant demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests the following relief:

1. That Plaintiff's Complaint be dismissed in its entirety with prejudice, and that judgment on the Complaint be entered against Plaintiff and in favor of Defendant;
2. A judgment denying any preliminary and permanent injunctive relief in favor of Plaintiff against Defendant;
3. That Defendant be awarded its attorneys' fees, costs, disbursements, and interest; and
4. That the Court award such other and further relief as may be just and proper.

Dated: New York, New York
May 27, 2026

Respectfully submitted,

COZEN O'CONNOR

By: */s/ Lisa A. Ferrari*
Lisa A. Ferrari (LF8081)
Keren Dadon (KD5428)
3 WTC, 175 Greenwich Street, 55th floor
New York, New York 10007
Tel.: 212-297-2699
Email: Lferrari@cozen.com
Kdadon@cozen.com

*Attorneys for Defendant 43 North Broadway, LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT 43 NORTH BROADWAY LLC'S ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** has been filed electronically and is available for viewing and downloading from the ECF System, and is being served upon all counsel of record via ECF transmission in accordance with the Electronic Filing System of the Court, on May 27, 2026.

/s/ *Lisa A. Ferrari*
Lisa A. Ferrari