UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

PRIME ENTERTAINMENT GROUP LLC,

Plaintiff,

-v-

43 NORTH BROADWAY, LLC,

Defendant.

---------------------------------------- X

25cv6329 (DLC)

OPINION AND ORDER

APPEARANCES:

For plaintiff:

Alberto J. Soler
Ajoe P. Abraham
Soler Salva LLP
270 W 39th St., Suite 1304
New York, NY 10018

For defendant:

Lisa A. Ferrari
Keren Dadon
Cozen O'Connor
3 WTC, 175 Greenwich St., 55th Fl.
New York, NY 10007

DENISE COTE, District Judge:

Defendant 43 North Broadway, LLC ("43 North") has moved pursuant to Rule 12(c), Fed. R. Civ. P, for partial judgment on the pleadings as to the unjust enrichment claim. For the following reasons, the motion is granted.

**Background**

The Court assumes familiarity with the background of this litigation as set forth in its May 13, 2026 Opinion. Prime Ent. Grp. LLC v. 43 N. Broadway, LLC, No. 25-CV-6329 (DLC), 2026 WL 1329491 (S.D.N.Y. May 13, 2026) ("May 13 Opinion"). Briefly stated, this action arises from a dispute concerning royalty payment obligations under a series of agreements governing the exploitation of certain sound recordings.

In March 2002, plaintiff Prime Entertainment Group LLC ("Prime") and non-party Fuel 2000 Records, Inc. ("F2K") entered into an Asset Purchase Agreement pursuant to which F2K acquired specific music assets and agreed to pay Prime a share of the net receipts generated from their exploitation. The agreement allegedly provided that its terms would bind F2K's successors and assigns.

In October 2015, defendant 43 North acquired certain of F2K's assets pursuant to an Asset Purchase Agreement and accompanying Assignment and Assumption Agreement (the "2015 Agreements"). Prime alleges that, through that transaction, 43 North assumed F2K's contractual obligations under the 2002 agreement, including the obligation to provide royalty accountings and remit royalty payments to Prime. Prime further alleges that 43 North has continued to exploit the recordings

but has failed to provide the required accountings or make the payments allegedly due.

Meanwhile, back in 2001, F2K also entered into a license agreement with non-party Gulf Coast Music, LLC ("Gulf Coast"), for whom Prime was a non-exclusive sales agent. Under that agreement, F2K agreed to pay Gulf Coast royalties on the revenues F2K derived from the exploitation of Gulf Coast's sound recordings. Prime alleges that, through the 2015 Agreements, 43 North also assumed this royalty obligation and has failed to make payments to Gulf Coast.

Prime commenced this action on July 31, 2025, and filed the First Amended Complaint ("FAC") on January 5, 2026. In the FAC, Prime asserted two breach of contract claims -- one based on the royalties owed to Prime (Count I), and one on behalf of non-party Gulf Coast for the royalties owed on its catalog (Count II). Prime also brought parallel unjust enrichment claims pleaded in the alternative (Counts III and IV). 43 North filed a motion to dismiss the FAC on January 28, which became fully submitted on March 4.

The May 13 Opinion granted 43 North's motion in part. It concluded that Prime was not the real party in interest with respect to royalties allegedly owed to Gulf Coast. Consequently, Counts II and IV were dismissed for lack of

prudential standing under Rule 17(a), Fed. R. Civ. P. May 13 Opinion, 2026 WL 1329491, at *4. By contrast, the Court held that the FAC adequately alleged that 43 North expressly assumed F2K's obligations under the 2002 Asset Purchase Agreement with Prime, that 43 North became F2K's successor with respect to the relevant royalty obligations, and that Prime, as the original contracting party, could enforce those obligations directly against 43 North. Id. at *5-6. The Court rejected 43 North's argument that these state-law claims were preempted by federal copyright law. Id. at *4-5. Accordingly, Count I and the corresponding unjust enrichment claim, Count III, survived the motion to dismiss. The Court noted, however, that the unjust enrichment claim "may be subject to dismissal" as duplicative of the contract claim. Id. at *6 n.7.

On June 18, 43 North moved pursuant to Rule 12(c), Fed. R. Civ. P., for a partial judgment on the pleadings dismissing the surviving unjust enrichment claim as duplicative of the surviving breach of contract claim. The motion became fully submitted on July 16.

## Discussion

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." Lively v. WAFRA

Investment Advisory Group, Inc., 6 F.4th 293, 301 (2d Cir. 2021) (citation omitted). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Doe v. Franklin Sq. Free Sch. Dist., 100 F.4th 86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Iqbal, 556 U.S. at 678). The court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Doe, 100 F.4th at 94 (citation omitted). But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Iqbal, 556 U.S. at 678).

43 North moves for partial judgment on the pleadings dismissing the unjust enrichment claim (Count III) as duplicative of the contract claim (Count I). Under New York law,[1] a plaintiff bringing an unjust enrichment claim must plead

[1] The parties agree that New York law applies to this state law claim, which is sufficient to apply that law under New York

"(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." Myun-Uk Choi v. Tower Rsch. Cap. LLC, 890 F.3d 60, 69 (2d Cir. 2018) (citation omitted). But "unjust enrichment is not a catchall cause of action to be used when others fail." Corsello v. Verizon N.Y., Inc., 967 N.E.2d 1177, 1185 (N.Y. 2012). Accordingly, an unjust enrichment claim "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." Id. (citation omitted). "Two claims are duplicative of one another if they arise from the same facts and do not allege distinct damages." NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008) (citation omitted).

Prime pleads unjust enrichment only in the alternative to its contract claim. While Rule 8 permits alternative pleading, an unjust enrichment claim may proceed alongside a contract claim only where there is a bona fide dispute as to the existence of a contract or whether it governs the dispute at issue. See, e.g., MaxEn Cap. Advisors, Ltd. v. Pure Lithium Corp., No. 1:24-CV-2231, 2024 WL 4520062, at *11 (S.D.N.Y. Oct. 17, 2024); Trahan v. Lazar, 457 F. Supp. 3d 323, 360 (S.D.N.Y.

choice-of-law rules. See Ins. Co. of Pa. v. Equitas Ins. Ltd., 68 F.4th 774, 779 n.2 (2d Cir. 2023).

2020). Where there is no genuine dispute that a contract governs the parties' relationship, an unjust enrichment claim seeking the same relief is duplicative and must be dismissed. See, e.g., Veritec, Inc. v. Maxor Nat'l Pharmacy Servs. Corp., No. 25-CV-5468, 2026 WL 880498, at *4 (S.D.N.Y. Mar. 31, 2026); Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC, No. 20-CV-5015, 2021 WL 3668092, at *11 (S.D.N.Y. Aug. 17, 2021).

Here, the unjust enrichment claim is duplicative of the contract claim. Both claims arise from the same alleged conduct -- 43 North's failure to pay royalties that Prime contends it owes under the 2002 Asset Purchase Agreement, as allegedly assumed through the 2015 Agreements -- and seek recovery of the same unpaid royalties. There is no bona fide dispute that those agreements govern the parties' royalty dispute. And as the May 13 Opinion held, Prime plausibly alleged that 43 North assumed F2K's contractual obligations under the 2002 agreement and that Prime may enforce those obligations directly against 43 North. May 13 Opinion, 2026 WL 1329491, at *5-6.

Prime argues that there is a bona fide dispute because 43 North denies assuming certain royalty obligations and disputes whether particular sound recordings are covered by the agreements. Those disputes, however, concern whether and to

what extent 43 North breached the alleged contracts, not whether the contracts exist and govern the parties' dispute at all.

Prime's remaining arguments are also unpersuasive. First, Prime contends that the preemption argument in 43 North's motion to dismiss confirms a genuine dispute regarding contract validity. It does not. 43 North merely argued that federal law preempted Prime's state-law claims because those claims invoked rights under the Copyright Act. 43 North never asserted that the contracts were unformed, invalid, or inapplicable to the royalty dispute. The May 13 Opinion rejected 43 North's preemption argument, holding that Prime's claims were based on a failure to pay under a contract. May 13 Opinion, 2026 WL 1329491, at *5.

Next, Prime argues that the unjust enrichment claim should remain available in the event that the factfinder concludes that the contracts do not impose the royalty obligations Prime alleges. This argument, however, effectively concedes that the unjust enrichment is merely "a catchall cause of action" deployed in the event that the contract claim fails, seeking to recoup the same damages for the same conduct. Corsello, 967 N.E.2d at 1185. Prime likewise cannot preserve Count III by speculating that discovery may reveal additional sound recordings or revenues not covered by the contracts because the

FAC pleads no such theory. Count III seeks recovery for the same alleged failure to pay royalties underlying Count I.

Finally, Prime argues that equity independently requires compensation because 43 North exploited sound recordings without paying royalties. That theory fares no better. Because Prime has acknowledged that it does not own the sound recordings at issue, it has identified no basis -- independent of the alleged contracts -- on which equity and good conscience would require 43 North to compensate it. Accordingly, Prime's unjust enrichment claim is dismissed.

**Conclusion**

43 North's June 18 motion is granted. Count III of the FAC is dismissed.

Dated: New York, New York
August 10, 2026

DENISE COTE
United States District Judge